IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| PARRIS EASLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY,<br><br>    Defendant. | Civil Action No. 8:12-cv-02277-AW |

**MEMORANDUM OPINION**

Plaintiff Parris Easley brings this action against Defendant Board of Education of Prince George's County. Plaintiff asserts claims for retaliation and retaliatory harassment under the Rehabilitation Act of 1973. Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Court takes the following facts from Plaintiff's Complaint and construes them in a light most favorable to him. Plaintiff Parris Easley (Easley) is a special education teacher for Prince George's County Public Schools (PGCPS). Easley has worked at Duval High School for sixteen years.

In October 2010, one of Easley's special education students informed him that a security guard, Ulysses Lee (Lee), was regularly taking money from him and other special education students. According to the student, Lee threatened to have the students suspended for gambling if they failed to give him money when he demanded it.

1

Easley reported the student's accusation to various school officials, including Eric Harrison (Harrison), the principal of Duval High School. After Easley complained about Lee's conduct, he received a series of disciplinary actions, including being removed from school for a week.

In December 2010, another special education student informed Easley that Lee was taking money from him and other students. This time, Easley complained through the PGCPS hotline.

The following month, Harrison gave Easley an unsatisfactory performance rating. In sixteen years of teaching, this was the first time Easley had ever received an unsatisfactory performance rating. In June 2011, Harrison gave Easley an unsatisfactory rating for the entire 2010-2011 school year.

On April 20, 2012, Harrison grabbed a special education student assigned to Easley and slammed him to the floor. Easley informed a PGCPS investigator of the incident. On May 29, 2012, Harrison gave Easley an unsatisfactory rating for the entire 2011-2012 school year.

On August 1, 2012, Easley filed his Complaint. The Complaint states a retaliation claim under section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act). Defendant Board of Education of Prince George's County ("the Board") moved to dismiss on August 23, 2012. The Board argues that Easley's retaliation claim fails as a matter of law because Easley does not adequately allege that he engaged in protected activity.

Easley filed a response in opposition on September 8, 2012. Easley argues that he sufficiently states that he engaged in protected activity under the Rehabilitation Act based on his allegation that two special education students told him that Lee was extorting money from them

and his subsequent conveyance of this information to the Board. Easley also argues that his Complaint states a claim for retaliatory harassment.

## II.     STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. LEGAL ANALYSIS

Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). The Fourth Circuit has held that "to establish a violation of section 504, plaintiffs must prove that they have been discriminated against—that they were excluded from the employment or benefit due to discrimination solely on the basis of the disability." *Sellers v. Sch. Bd. of City of Manassas*, 141 F.3d 524, 528 (4th Cir. 1998) (citations and internal quotation marks omitted). To establish a prima facie case of retaliation under the Rehabilitation Act, Easley must show that: (1) he engaged in a protected activity; (2) the Board took an adverse action against him; and (3) a causal connection exists between the protected activity and the adverse action. *See Haulbrook v. Michelin N. Am.,* 252 F.3d 696, 706 (4th Cir. 2001) (discussing standard in employment context); *see also D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012) (applying employment standard to student's retaliation claim in the education context).

The Board does not challenge element (3). Furthermore, although the Board initially argued that Easley failed to adequately allege the existence of adverse action, it appears to have abandoned this argument. Therefore, the Court centers its analysis on whether Easley has sufficiently stated that he engaged in protected activity.

There are two categories of protected activity: participation and opposition. This case involves the latter. "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities.'" *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675

4

(2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 617 (D. Md. 2009)). However, "[f]or such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct that [he] opposes constitutes unlawful discrimination . . . ." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)).

In this case, Easley fails to state a facially plausible claim that he had a reasonable belief that the conduct he opposed constituted unlawful disability discrimination under the Rehabilitation Act. Easley simply states that he told the Board that Lee was taking money from special education students. Although this allegation may support the inference that Lee was extorting and bullying the students, it fails to support the inference that the students were experiencing discrimination because of their disabilities. The Complaint does not specify or describe the type of disabilities from which the students suffered. Furthermore, the Complaint does not state that the students, irrespective of their specific disabilities, were particularly susceptible to such extortion and bullying. Moreover, assuming arguendo that the special education students had this susceptibility, the Complaint fails to allege that either Easley or Lee was aware of it. In short, the Complaint's allegations of extortion and bullying are totally untethered to the disability discrimination that the Rehabilitation Act proscribes. Accordingly, Easley has failed to state a cognizable retaliation claim under the Rehabilitation Act.[1]

For the foregoing reasons, the Court grants the Board's Motion to Dismiss and dismisses Easley's retaliation and retaliatory harassment claims. This dismissal is with prejudice. Easley has had ample opportunity to clarify the factual basis of his claims and the Court is convinced that granting him leave to amend would be an exercise in futility. Indeed, the Court recently

---

[1] Easley's retaliatory harassment claim, which he failed to raise in the Complaint, fails for the same reasons. As with standard retaliation claims, retaliatory harassment claims require plaintiffs to plead and prove engagement in protected activity. Even Easley so concedes. *See* Doc. No. 7 at 8–9.

granted a motion to dismiss in a substantially similar case. *See Braswell v. Bd. of Educ. of Prince George's Cnty.*, 8:12-cv-02434-AW, Doc. No. 10 (D. Md. Nov. 13, 2012).

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Board's Motion to Dismiss. A separate Order follows.

| November 15, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |